# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **EDWARD HENDERSON,** | : | Case No. 1:11-cv-1646 |
| c/o David B. Malik | : | |
| Attorney at Law | : | Judge |
| 8437 Mayfield Rd. Suite 101 | : | |
| Chesterland, OH 44406, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | **CIVIL COMPLAINT AND JURY** |
| | : | **DEMAND** |
| **MARTIN LENTZ** | : | |
| c/o Cleveland Police Department | : | |
| 1300 Ontario St | : | |
| Cleveland, OH 44113, | : | |
| | : | |
| and | : | |
| **PAUL CRAWFORD** | : | |
| c/o Cleveland Police Department | : | |
| 1300 Ontario St | : | |
| Cleveland, OH 44113, | : | |
| | : | |
| and | : | |
| **CHRISTOPHER RANDOLPH** | : | |
| c/o Cleveland Police Department | : | |
| 1300 Ontario St | : | |
| Cleveland, OH 44113, | : | |
| | : | |
| and | : | |
| **KEVIN SMITH** | : | |
| c/o Cleveland Police Department | : | |
| 1300 Ontario St | : | |
| Cleveland, OH 44113, | : | |
| | : | |
| and | : | |
| | : | |
| **JOHN DOES 1-40,** | : | |
| c/o Cleveland Police Department | : | |
| 1300 Ontario St | : | |
| Cleveland, OH 44113 | : | |
| | : | |
| Defendants. | : | |

## I. PRELIMINARY STATEMENT

1. Police officers cannot use force on individuals that have surrendered and no longer pose a threat of safety to the officers or the public. The Sixth Circuit has long recognized that when force is used in this context, it is gratuitous, excessive, and objectively unreasonable. This case challenges one such instance of gratuitous force used against Edward Henderson. On January 1, 2011, Mr. Henderson surrendered himself to the police after initially fleeing. He laid himself face-down on the ground, completely and unconditionally submitting to the authority of the police and permitting himself to be handcuffed. Despite the fact that Mr. Henderson surrendered, was surrounded by nine officers, and did not pose any threat, several Cleveland police officers kicked and punched him in the face and body, causing serious physical injuries. None of the other officers present stopped their colleagues from repeatedly striking Mr. Henderson. Not one of the nine officers and supervisors present reported this use of force. The Blue Code of Silence would have prevailed if these gratuitous blows were not captured on video by the police helicopter that had been following Mr. Henderson. Mr. Henderson suffered fractures to his face, a detached retina, and other injuries. He brings this case seeking fair compensation and to deter future abuses by Cleveland police officers.

## II. JURISDICTION

2. Jurisdiction over claims arising from Defendants' violations of the Civil Rights Act is conferred upon this Court by 28 U.S.C. § 1331, 1343 (3) and (4).

3. Jurisdiction over state law claims is conferred upon this Court by 28 U.S.C. §1367.

4. Venue is proper in this division.

## III. PARTIES

5. Plaintiff Edward Henderson is and was at all times relevant a resident of the State of Ohio and this judicial district.

6. Defendant Martin Lentz was at all times relevant to this action a police officer employed by the Cleveland Police Department. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual capacity.

7. Defendant Paul Crawford was at all times relevant to this action a police officer employed by the Cleveland Police Department. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual capacity.

8. Defendant Christopher Randolph was at all times relevant to this action a police officer employed by the Cleveland Police Department. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual capacity.

9. Defendant Kevin Smith was at all times relevant to this action a police officer employed by the Cleveland Police Department. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual capacity.

10. Defendants John Does 1-40 were at all times relevant to this action police officers and/or supervisors employed by the Cleveland Police Department. Defendants are "persons" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. Defendants are sued in their individual capacities.

## IV. FACTS

**A. Edward Henderson.**

11. Edward Henderson recently became engaged to his longtime girlfriend, Tiffany Allen. The two live together where they raise their five children and look after their one grandson.

12. Mr. Henderson helps support the family by operating a company that remodels homes.

13. Mr. Henderson has also struggled with serious mental illness throughout his life. He is diagnosed with schizophrenia and bipolar disorder.

14. Mr. Henderson is normally able to keep his mental disorders in check when he takes his prescribed medications and takes care of his health generally.

15. Paranoia and feelings of panic are two of the symptoms of Mr. Henderson's mental illnesses. These sensations are exacerbated if he is not stabilized on his medication.

16. Mr. Henderson was off his medication on January 1, 2011. Ms. Allen observed him leaving their residence in the family minivan after a "flare-up" of the symptoms related to his mental illnesses.

17. Ms. Allen called the police to seek help in finding Mr. Henderson. The police officers were unable to locate Mr. Henderson after searching the suburbs in which Ms. Allen and Mr. Henderson resided.

**B. Gratuitous Force Is Used on Mr. Henderson.**

18. Later that evening, on July 1, 2011, Mr. Henderson had not yet returned home and was still driving through Cleveland in the family minivan.

19. He drove past a traffic stop being conducted by Cleveland police officers Donald Kopchak and Paul Atanacio near the intersection of Lakeview and Superior just after 10:00 p.m.

20. Defendant Officer Kopchak felt that Mr. Henderson passed too closely to his position, which led him to leave the initial traffic stop to approach Mr. Henderson's vehicle that stopped was at a red light at a nearby intersection.

21. Officer Kopchak knocked on Mr. Henderson's window and shouted to try to get his attention.

22. This caused Mr. Henderson to panic.

23. Mr. Henderson then drove off from the intersection.

24. A police chase ensued until Mr. Henderson's vehicle came to a stop near East 38th Street and South Marginal Road.

25. Mr. Henderson exited his vehicle and sat down on a guardrail.

26. Mr. Henderson was unarmed.

27. As police approached on foot, Mr. Henderson surrendered himself by lying face-down with his arms and legs outstretched.

28. Two Defendant officers made the initial contact with Mr. Henderson as he lay on the ground. They began to cuff Mr. Henderson while more Defendant officers continued to approach.

29. Mr. Henderson was soon surrounded by at least nine officers from the Cleveland Police Department.

30. Supervisors were also present on the scene.

31. As the officers and supervisors gathered, it was clear that Mr. Henderson had surrendered, was restrained, and posed no threat to the officers or the public.

32. Despite the fact that he had surrendered and posed no threat, several of the Defendant officers – including Defendants Lentz, Crawford, Randolph, and Smith – began to viciously kick and strike Mr. Henderson in the head and body.

33. None of the other Defendant officers and supervisors present intervened to stop Defendants Lentz, Crawford, Randolph, and Smith from savagely beating Mr. Henderson, despite having the responsibility, opportunity and being in the position to do so.

34. Mr. Henderson's injuries were so severe that he had to be transported by ambulance from the scene to Huron Hospital to receive treatment.

**C. Defendants Cover Up Excessive Force.**

35. A number of police officers escorted Mr. Henderson to Huron Hospital and stood guard while he received treatment.

36. Defendant John Doe #1 lied to the medical staff, stating that Mr. Henderson crashed his vehicle and then "attacked police."

37. Defendant Officer Kopchak's incident report claims that a doctor from Huron Hospital told him Mr. Henderson's injuries were consistent with a motor vehicle accident. Officer Kopchak makes no mention of the assault despite the fact that a medical report from the early morning hours of January 2, 2011 notes that Mr. Henderson was assaulted.

38. None of the Defendant officers present during the assault on Mr. Henderson filled out a use of force report or otherwise reported that Mr. Henderson had been attacked by Cleveland Police officers after he surrendered.

39. The vicious assault on Mr. Henderson was captured on a thermal imaging video from a police helicopter that had been filming Mr. Henderson's vehicle during the police chase.

40. A detective was assigned to follow-up on the incident. None of the officers involved reported the use of force on Mr. Henderson. It was not until the detective viewed the video footage from the helicopter that he discovered what occurred and then referred the incident to the Cuyahoga County Prosecutor's Office.

41. At all times relevant to this case Defendants have acted negligently, recklessly, knowingly maliciously, purposefully and with deliberate indifference to the rights of Mr. Henderson.

42. Defendants Martin Lentz, Paul Crawford, Christopher Randolph, and Kevin Smith have been criminally charged with felonious assault and obstruction of official business. These charges have since been stayed while a federal civil rights investigation concerning this incident proceeds.

**D. Injuries to Mr. Henderson.**

43. Mr. Henderson suffered serious injuries that have required extensive medical treatment. The use of force and decision not to intervene by Defendants caused severe pain, physical injuries, and emotional distress. Physical injuries include a detached retina, broken eye socket, broken nose, and severe bruising. His pain and suffering have been intense. Some of Mr. Henderson's injuries are permanent and will require additional medical care causing Mr. Henderson additional expense. Mr. Henderson is unable to work and will continue to lose income indefinitely into the future.

44. Defendants' actions described above directly and proximately caused these injuries to Mr. Henderson.

**V. FIRST CAUSE OF ACTION – CLAIM FOR EXCESSIVE FORCE (42 U.S.C. §1983)**

45. Defendants have, under color of law, deprived Edward Henderson of rights, privileges, and immunities secured to him by the United States Constitution including the prohibition on unreasonable searches and seizures contained in the Fourth Amendment to the United States Constitution.

## VI. SECOND CAUSE OF ACTION – ASSAULT AND BATTERY

46. Defendant Lentz, Crawford, Randolph, Smith and Does intentionally and maliciously applied and threatened to apply unlawful and unnecessary force against Edward Henderson.

## VII. JURY DEMAND

47. Plaintiffs request a jury trial on all claims triable to a jury.

## VIII. PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that this Court award them:

A. Compensatory damages in an amount to be shown at trial;

B. Punitive damages against Defendants only in an amount to be shown at trial;

C. Costs incurred in this action and reasonable attorney fees under 42 U.S.C. §1988;

D. Prejudgment interest; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Alphonse A. Gerhardstein  
Alphonse A. Gerhardstein (0032053)  
Trial Attorney for Plaintiffs  
Jennifer L. Branch (0038893)  
Kane P. Kayser (0086532)  
Attorney for Plaintiffs  
Gerhardstein & Branch Co. LPA  
432 Walnut Street, Suite 400  
Cincinnati, Ohio 45202  
Tel (513) 621-9100  
Fax (513) 345-5543  
agerhardstein@gbfirm.com  
jbranch@gbfirm.com  

s/David B. Malik  
David B. Malik (0023763)  
Trial Attorney for Plaintiffs  
8437 Mayfield Road, Suite 103  
Chesterland, OH 44026  
(440) 729-8260  
(440) 729-8262 fax  
dbm50@sbcglobal.net