IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD HENDERSON, | ) | CASE NO. 1:11-CV-1646 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN A. POLSTER |
| v. | ) | |
| | ) | |
| MARTIN LENTZ, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**STATEMENT OF INTEREST OF THE UNITED STATES**

The United States files this Statement of Interest to notify the Court of its ongoing

investigation of an alleged pattern and practice of excessive force in violation of the Constitution

and 42 U.S.C. § 14141 by the Cleveland Division of Police ("CPD").  The investigation relates

to this case because it includes, but is not limited to, the alleged unconstitutional conduct that is

at issue in the present lawsuit.  The United States has not completed its investigation and has not

reached any conclusions about whether there is a pattern or practice of unconstitutional conduct

by the CPD.

The United States is responsible for enforcing the Violent Crime Control and Law

Enforcement Act of 1994, 42 U.S.C. § 14141, which authorizes the Attorney General to file a

lawsuit seeking a court order to remedy a pattern or practice of civil rights violations by law

enforcement officers.  Therefore, the United States has a broad interest in ensuring that

unconstitutional police conduct, such as that alleged by the plaintiff in this matter, is remedied.

Pursuant to 28 U.S.C. § 517, the United States is authorized to "attend to the interests of the

United States in a suit pending in a court of the United States."  The United States has used this

authority to file Statements of Interest in numerous cases, including cases alleging

unconstitutional conduct by law enforcement officers.  *See, e.g.*, *Floyd v. City of New York*, No. 1:08-cv-01034 (S.D.N.Y.); *Sharp v. Baltimore City Police Dept., et al.*, No. 1:11-cv-02888 (D. Md.); *Garcia v. Montgomery County*, No. 8:12-cv-03592 (D. Md.).

On March 14, 2013, the United States Department of Justice opened an investigation to determine whether CPD engages in a "pattern or practice" of excessive force in violation of the Constitution and 42 U.S.C. § 14141.  The United States' investigation includes, among other things, consideration of the incident alleged in this lawsuit.  The investigation is also examining CPD's policies, procedures, training, supervision, accountability mechanisms, and community engagement, all of which are essential to effective, constitutional policing.  Attorneys and investigators from the Civil Rights Division and United States Attorney's Office, along with experts in police practices, have interviewed and will continue to interview CPD's command staff and officers, and are engaging with members of the community concerned about alleged civil rights violations by CPD.  The United States is in the initial stages of its investigation, and it is still too early to project a date of completion.

Once completed, the United States will publicly issue a letter describing the findings of its investigation.  If the government concludes that there is a pattern or practice of violations of the Constitution or federal law, it will identify remedial measures necessary to address those concerns.  Typically, the United States seeks an agreement with the police department on the reforms necessary, and often that agreement will be submitted to a federal court for approval and enforcement of its terms.  *See http://www.justice.gov/crt/about/spl/findsettle.php#police* (listing recent findings letters, settlement agreements, and consent decrees that resulted from investigations of police departments, and containing links to those documents).

The United States takes no position on the remedy sought in this case.  If the investigation finds a pattern or practice of unconstitutional conduct, however, the government may seek a remedy that includes policies, procedures, and practices that are related to, or overlap with those at issue here.

For the foregoing reasons, the United States respectfully files this Statement of Interest notifying the Court and the parties of its ongoing investigation and the possible overlap between that investigation and the instant matter.

Respectfully submitted,

STEVEN M. DETTELBACH
United States Attorney
Northern District of Ohio

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

JONATHAN M. SMITH
Chief, Special Litigation Section

s/Heather Tonsing Volosin
CAROLE S. RENDON (0070345)
MICHELLE L. HEYER (0065723)
HEATHER TONSING VOLOSIN (0069606)
Assistant United States Attorneys
United States Courthouse
801 West Superior Avenue
Suite 400
Cleveland, OH  44113
(216) 622-3656 (Rendon)
(216) 622-3686 (Heyer)
(216) 622-3797 (Volosin)
(216) 522-2404 (facsimile)
carole.rendon@usdoj.gov
michelle.heyer@usdoj.gov
heather.tonsing.volosin@usdoj.gov

Timothy D. Mygatt
TIMOTHY D. MYGATT
Special Counsel
MICHAEL J. SONGER
T. JACK MORSE
Trial Attorneys
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
(202) 305-3334 (Mygatt)
(202) 305-1762 (Songer)
(202) 305-4039 (Morse)
timothy.mygatt@usdoj.gov
michael.songer@usdoj.gov
jack.morse@usdoj.gov

3

<center>CERTIFICATE OF SERVICE</center>

I hereby certify that on this 9th day of July, 2013, a copy of the foregoing Statement of

Interest of the United States was filed electronically.  Notice of this filing will be served upon all

parties by operation of the Court's electronic filing system.

<div style="margin-left:50%">
s/Heather Tonsing Volosin
Heather Tonsing Volosin
Assistant U.S. Attorney
</div>

<center>4</center>